IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY OMAR DELGADO RAMIREZ, : | |
|     Petitioner, : | |
| : | |
|     v. : | Civil No.: 2:25-cv-07262-JLS |
| : | |
| JAMAL L. JAMISON, *et al*., : | |
|     Respondents. : | |

**ORDER**

**AND NOW**, this 29th day of December 2025, upon consideration of Anthony Omar Delgado Ramirez's Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 4), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

    1. Anthony Omar Delgado Ramirez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

    2. The Government shall **RELEASE** Anthony Omar Delgado Ramirez from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on December 30, 2025;

    3. If the Government chooses to pursue re-detention of Anthony Omar Delgado Ramirez pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL**
**United States District Court Judge**

---

[1] Mr. Delgado Ramirez continuously resided in the United States for over nineteen months. (*See* ECF No. 1, Verified Pet. for Habeas Corpus, p. 3). He arrived on or about May 22, 2024. (*Id.* at p. 2). After being served with a Notice to Appear and charged with removability on May 27, 2024, Mr. Delgado Ramirez states he contracted with a case preparer who held himself out to be an attorney and filed an asylum application on Mr. Delgado Ramirez's behalf, without his express consent or review, which omitted that the basis for his asylum claim is escaping persecution for his bisexual identity. (*Id.*) After Mr. Delgado Ramirez learned the case preparer was not an attorney, he sought counsel to report the case preparer for fraud and misrepresentation. (*Id.*) Mr. Delgado Ramirez has a pending I-589, Application for Asylum and for Withholding of Removal, and was in the process of contracting with counsel to pursue alternate avenues of immigration relief. (*Id.* at pp. 2-4). ICE arrested Mr. Delgado Ramirez during a routine check-in. (*Id.*)

The Government's arguments are familiar. The Government maintains that this Court lacks jurisdiction to intervene in removal proceedings, Mr. Delgado Ramirez failed to exhaust his administrative remedies, Mr. Delgado Ramirez is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and the detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025). The Court will not belabor the point: Mr. Delgado Ramirez's mandatory detention without the opportunity for a bail hearing is unlawful.